941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey SANDERS, Plaintiff-Appellant,
v.
Robert BROWN, Jr., individually and personally, Defendant-Appellee.
 No. 91-1199.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1991.
 
 Before MERRITT, Chief Judge, KEITH, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Jeffrey Sanders, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Sanders sued the Director of the Michigan Department of Corrections, in his individual capacity, alleging that he failed to promulgate a new disciplinary policy as required by Mich.Comp.Laws Ann. § 791.206. Sanders alleged that from February 18, 1985 through March 1, 1990, he was the subject of several misconduct reports that were issued pursuant to invalid rules. Sanders also alleged that defendant caused him to be convicted of major misconducts and placed in administrative segregation without his receiving notice of the charges or a hearing, and without proof or any factual findings. Defendant filed a motion to dismiss. Sanders filed a response to the motion, and later filed a motion for summary judgment. The magistrate recommended that Sanders' motion be denied and the defendant's motion be granted, finding that Sanders failed to state a federal claim because the issue of whether a state regulation was properly promulgated under state law did not implicate a constitutional concern. The magistrate also found that issues regarding prison administration should best be left to the discretion of prison officials. The district court adopted the magistrate's recommendation after reviewing Sanders' objections. The court later denied Sanders' motion for a new trial and for an amended judgment.
 
 
 3
 On appeal, Sanders reasserts his claim, and has filed a motion for the appointment of counsel and for an injunction.
 
 
 4
 Upon review, we affirm the district court's judgment. Sanders alleged that defendant failed to promulgate a new disciplinary policy, but instead continued to use previously promulgated rules regarding prisoner misconduct which resulted in his being wrongfully convicted and punished for major misconduct. Sanders failed to state a claim under § 1983 because the question of whether a state regulation is properly promulgated under state law does not implicate a constitutional concern. See Walker v. Mintzes, 771 F.2d 920, 933 (6th Cir.1985).
 
 
 5
 Finally, we note that the district court did not specifically address Sanders' claim that he was convicted of several major misconducts and placed in administrative segregation without adequate due process protections. These allegations are however belied by the record. In support of his motion for summary judgment, Sanders submitted copies of ten misconduct reports along with their corresponding misconduct hearing reports. These documents show that Sanders received copies of each misconduct report; that he was given a hearing on each charge where he was allowed to present his version of the story; and he was given a written statement by the hearing officers outlining their reasons for the punishments imposed. We conclude that Sanders was afforded all the process due him, and that there was sufficient evidence presented to support each disciplinary conviction. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 6
 Accordingly, the motion for the appointment for counsel and for injunctive relief is denied as moot, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.